UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED GOMEZ,<br><br>            Plaintiff,<br><br>     vs.<br><br>M. WEST, et al.,<br><br>            Defendants. | 1:13-cv-01126-GSA-PC<br><br>ORDER VACATING ORDER DISMISSING CASE AND JUDGMENT<br>(Docs. 7, 8.)<br><br>ORDER FOR CLERK TO REOPEN CASE<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br>(Doc. 9.)<br><br>THIRTY DAY DEADLINE |

**I.     BACKGROUND**

Fred Gomez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 22, 2013. (Doc. 1.)  On August 22, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action under 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On December 11, 2014, the court screened the Complaint under 28 U.S.C. §1915A and entered an order dismissing the Complaint for failure to state a claim, with leave to amend

within thirty days. (Doc. 6.) On January 20, 2015, the court dismissed this case and entered judgment, based on Plaintiff's failure to comply with the thirty-day deadline in the court's order. (Docs. 7, 8.)

On January 23, 2015, Plaintiff filed a motion for extension of time to file an amended complaint. (Doc. 9.)

## II.   DISCUSSION

Plaintiff shows good cause for the court to grant him an extension of time to file an amended complaint. Moreover, a review of the record shows that under the mailbox rule, Plaintiff's motion for extension of time was timely filed, before the deadline to file the amended complaint had expired. Under the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). While Plaintiff's motion for extension of time was filed by the Clerk on January 23, 2015, eight days *after* the thirty-day deadline expired,[1] Plaintiff's proof of service shows that he mailed the motion to the court from Corcoran State Prison on January 13, 2015, two days *before* the thirty-day deadline had expired. (Doc. 9 at 3.) Therefore, Plaintiff's motion is deemed timely filed under the mailbox rule.

Because Plaintiff's motion was timely filed, and good cause appearing, the court shall reopen the case and grant Plaintiff an extension of time to file an amended complaint. Therefore, the court's order dismissing this action, and the judgment, shall be vacated, and Plaintiff's motion for extension of time shall be granted.

///

---

[1] In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). In this instance, 30 days from December 11, 2014 was January 10, 2015, which was a Saturday. Therefore, the 30 day-deadline for Plaintiff to file an amended complaint was extended until January 12, 2015. Furthermore, pursuant to Rule 6(d), "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).) Fed. R. Civ. P. 6(d). Therefore, Plaintiff had until 3 days after January 12, 2015, or until January 15, 2015, to file the amended complaint.

### III. CONCLUSION

In light of the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. The court's order of January 20, 2015, which dismissed this action, is VACATED;
2. The judgment entered on January 20, 2015, in this action is VACATED;
3. The Clerk is DIRECTED to reopen this case;
4. Plaintiff's motion for extension of time, filed on January 23, 2015, is DEEMED timely filed;
5. Plaintiff is GRANTED thirty days from the date of service of this order in which to file an amended complaint, pursuant to the court's order of December 11, 2014; and
6. Plaintiff's failure to comply with this order shall result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 27, 2015**                **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE